### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**DERRICK JONES**                                                    **CIVIL ACTION**

**VERSUS**                                                              **NO.   16-844**

**JAMES LEBLANC, SECRETARY, LOUISIANA**            **SECTION:    "H"(5)**
**DEPARTMENT OF PUBLIC SAFETY &**
**CORRECTIONS**

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.    Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.    *See* 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

### Procedural History

Petitioner, Derrick Jones, is a convicted inmate currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.    In 1989, he was charged by grand-jury indictment with aggravated rape, armed robbery, and attempted first-degree murder.[1] Jones was 17 years of age at the time of the offenses.    On August 9, 1989, a jury found him guilty as charged.[2]    On August 24, 1989, he was sentenced to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence as to count one, and 50

---

[1] State Rec., Vol. 1 of 13, Grand Jury Indictment.

[2] State Rec., Vol. 1 of 13, Minute Entry, 8/9/89; *see also* State Rec., Vol. 3 of 13, Jury Verdicts, 8/9/89.

years each as to counts two and three, all sentences to run concurrently.[3]

On direct appeal, the Louisiana First Circuit Court of Appeal vacated on double-jeopardy grounds Jones' conviction and sentence for attempted first-degree murder but affirmed his convictions and sentences for armed robbery and aggravated rape.[4]    Jones filed multiple applications for post-conviction relief and supervisory review between 1992 and 2004 that are unrelated to the issues presented herein.[5]    Additionally, Jones filed a petition for writ of *habeas corpus* in 1997 that was dismissed on the basis of procedural default.[6]

On March 3, 2011, Jones filed an application for post-conviction relief with the state district court challenging his sentence of life without parole as unconstitutional under *Graham v. Florida*, 560 U.S. 48 (2010).[7]    In *Graham,* the Supreme Court held that, under the Eighth Amendment, "[t]he Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide," and that the states must give "a juvenile offender convicted of a non-homicide crime ... some meaningful opportunity to obtain release."    *Graham*, 560 U.S. at 75, 82.    Jones argued that since his original sentence was declared unconstitutional, Louisiana law required that he be sentenced to fifty (50) years, the maximum penalty for the next most serious lesser included offense (attempted

---

[3]  State Rec., Vol. 1 of 13, Minute Entry, 8/24/89; Sentence, 8/24/89.

[4]  State Rec., Vol. 5 of 13, 4th Cir. Order, 1989-KA-2157, 12/20/90; *State v. Jones*, 572 So. 2d 769 (La. App. 4th 1990).

[5]  *See generally* State Rec., Vol. 6 of 13, Writ Actions 92-K-2838, 94-K-949, 94-K-2612, 99-K-1190, 2004-K-57, 2005-K-403; and Vol. 13 of 13, Writ Actions 94-KK-2257, 95-KH-8911, and 99-KH-2164.

[6]  Rec. Doc. 3, Exh. A, pp. 32-42.

[7]  State Rec., Vol. 7 of 13, Application for Post-Conviction Relief and Motion to Correct Illegal Sentence, 1/31/11.

aggravated rape).[8]    On May 4, 2011, the state district court granted Jones' application, vacated the life sentence and resentenced Jones to a term of imprisonment of 50 years.[9]

The State filed a writ application.[10]    The Louisiana Fourth Circuit Court of Appeal granted the writ and remanded the matter to the trial court to resentence Jones consistent with *State v. Shaffer*, 77 So. 3d 939 (La. 2011), in which the Louisiana Supreme Court, in addressing a proper remedy for juvenile offenders who challenged their aggravated-rape life sentences after *Graham*, rejected the "next lesser offense" remedy it had used in other settings and ordered that the sentences be modified to delete the "without parole" provision.[11]    The Louisiana Supreme Court denied Jones' petition for writ of certiorari.[12]  Thereafter, the Louisiana Legislature passed 2012 La. Acts No. 466 to provide for parole eligibility for juvenile offenders serving life sentences once they completed 30 years of incarceration provided the other provisions of the statute are met.    La. Rev. Stat. 15:574.4(D)(1) (eff. Aug 1, 2013).

On remand, on January 29, 2013, the trial court set aside the 50-year sentence and resentenced Jones to serve life imprisonment with the benefit of parole, subject to the provisions of La. Rev. Stat. 15:574.4(D).[13]    Jones filed a motion to reconsider sentence

---

[8]  State Rec., Vol. 7 of 13, Response to State's Opposition, 4/6/11; State's Post-Hearing Memorandum, 4/11/11; Hearing Transcript, 4/7/11.

[9]  State Rec., Vol. 7 of 13, Order, 5/2/11; Hearing Transcript, 5/2/11; Minute Entry, 6/24/11.

[10]  State Rec., Vol. 7 of 13, Application for Writ, 2001-K-0834, 6/23/11.

[11]  State Rec. Vol. 2 of 13, 4th Cir. Writ Order, 2011 K-0834, 1/24/12.

[12]  State Rec., Vol. 7 of 13, La. Supreme Court Order, 2012-KP-0433, 5/25/12; *State v. Jones*, 90 So. 3d 412 (La. 2012) (Mem.)

[13]  State Rec., Vol. 1 of 13, Minute Entry, 1/29/13; State Rec. Vol. 12 of 13, Resentencing Transcript, 1/29/13.

which the trial court denied. [14]

On appeal, Jones argued the following claims: (1) the trial court's sentence was inconsistent with the applicable law; (2) the trial court violated the separation of powers doctrine and the prohibition against *ex post facto* laws in applying *Shaffer* and 15:574.4(D); (3) the trial court failed to impose an individualized sentence in conformity with *Miller v. Alabama*, 567 U.S. 460 (2012) and (4) the sentence is excessive.[15]  Petitioner filed several writ actions in an attempt to expedite his appeal.[16]

On August 20, 2014, the Louisiana Fourth Circuit Court of Appeal affirmed the sentence.[17]  Petitioner's petition for rehearing was denied September 8, 2014.[18]  The Louisiana Supreme Court denied Jones' writ application, without stated reasons.[19]  The United States Supreme Court denied Jones a petition for writ of certiorari on November 2, 2015.[20]

On January 27, 2016, Jones filed the instant application for *habeas corpus* relief claiming that his sentence violates the due-process principle of fair warning of the punishment and the prohibition against *ex post facto* laws as the punishment was not in

---

[14]  State Rec., Vol. 7 of 13, Motion to Reconsider Sentence, 2/26/13.

[15]  State Rec., Vol. 12 of 13, Original Appellant Brief, 1/9/14; State Rec., Vol. 8 of 13, Supplemental Brief, 3/27/14.

[16]  State Rec., Vol. 7 of 13, Writ Actions 2013-K-532, 2013-K-10141, 2013-K-1568

[17]  State Rec., Vol. 12 of 13, 4th Cir. Order 2013-KA-1614, 8/20/14; *State v. Jones*, No. 2013-KA-1614, 2014 WL 4161563 (La. App. 4th Cir. Aug. 20, 2014).

[18]  State Rec., Vol. 12 of 13, Petition for Rehearing, 9/2/14.

[19]  State Rec., Vol. 12 of 13, La. Supreme Court Order, 2014-K-1940, 4/24/15; *State v. Jones*, 169 So. 3d 355 (La. 2015) (Mem).

[20]  Rec. Doc 3 ; Ex. E, p. 56; *Jones v. Louisiana*, 136 S.Ct. 403 (2015)

existence at the time of the offense.[21]

The State concedes that Jones' petition is not successive, that he has exhausted his remedies in the state courts, and that the federal application is timely.    The State argues that the claims should be dismissed on the merits.[22]

## Standards of Review on the Merits

Title 28 U.S.C. § 2254(d)(1) and (2), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides the applicable standards of review for pure questions of fact, pure questions of law, and mixed questions of both.    A state court's purely factual determinations are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."    28 U.S.C. § 2254(d)(2); *see also* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.    The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").    With respect to a state court's determination of pure questions of law or mixed questions of law and fact, a federal court must defer to the decision on the merits of such a claim unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

---

[21]    Rec. Doc. No. 1, Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus.

[22]    Rec. Doc. 10.

The "'contrary to' and 'unreasonable application' clauses [of § 2254(d)(1)] have independent meaning." *Bell v. Cone*, 535 U.S. 685, 694 (2002).    A state-court decision is "contrary to" clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the United States Supreme Court's cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of the United States Supreme Court and nevertheless arrives at a result different from United States Supreme Court precedent.    *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir.), *cert. denied*, 131 S.Ct. 294 (2010).    An "unreasonable application" of [United States Supreme Court] precedent occurs when a state court "identifies the correct governing legal rule... but unreasonably applies it to the facts of the particular state prisoner's case."    *Williams*, 529 U.S. at 407-08; *White v. Woodall*, 134 S.Ct. 1697, 1706 (2014).

It is well-established that "an unreasonable application is different from an incorrect one."    *Bell*, 535 U.S. at 694.    A state court's merely incorrect application of Supreme Court precedent simply does not warrant *habeas* relief.    *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) ("Importantly, 'unreasonable' is not the same as 'erroneous' or 'incorrect'; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable.").    "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable" under the AEDPA.    *Harrington v. Richter*, 562 U.S. 86, 102 (2011).    Section 2254(d) preserves authority to issue the writ in cases where there is "*no possibility* fairminded jurists could disagree that the state court's decision conflicts with [United States Supreme Court] precedents."    *Harrington*, 562 U.S. at 102 (emphasis added); *see also Renico v. Lett*, 559 U.S. 766, 130 S.Ct. 1855, 1866 (2010) ("AEDPA

prevents defendants—and federal courts—from using federal *habeas corpus* review as a vehicle to second-guess the reasonable decisions of state courts.").

## Facts

The following facts were established at trial and summarized by the Louisiana Fourth Circuit Court of Appeal:

> At 3:30 a.m. on March 27, 1989 the defendant, whose mother was a friend of the victim, called the victim. He told her that he was locked out of his mother's house and asked if he could come over to the victim's house. The victim agreed.   Once the defendant arrived, the victim asked the defendant if he would walk her over to her aunt's house.   She wanted to go there because she did not feel well.   She went to the closet to get her shoes.   When she turned back around, the defendant took a knife out of his jacket and ordered her to take her clothes off.   Once she did so, he pushed her on the bed and raped her.
>
> Afterwards he asked her if she had any money.   She gave him a money order for $187.00.   In an attempt to get help, she told the defendant that her next door neighbor had $100.00 belonging to her and suggested that she call the neighbor for it.   She called the neighbor and told her she was coming over. She went next door with the defendant following her.   She tried to indicate to the neighbor that she was in trouble.   The defendant became angry and dragged her by her hair back to her apartment.   He hit her with a stick until the stick broke.   Then he started strangling her.   She fainted and remembered nothing else until she woke up in the hospital.   The emergency room doctor testified that the victim had numerous injuries to her head, neck, upper chest and back.[23]

## Analysis

### A.  *Fair Warning*

Petitioner contends that his sentence violates his due-process right to fair warning. He argues that, at the time he committed the offense, the only punishment available for the type of aggravated rape he committed was life without parole.   He continues that, prior to

---

[23] State Rec., Vol. 5 of 13, 4th Cir. Order, 89-KA-2157, 12/20/90, pp. 2-3; *State v. Jones*, 572 So. 2d 769, 770 (La. App. 4th 1990).

*Shaffer*, the Louisiana Supreme Court had routinely held that the appropriate remedy in cases where the sentence had been invalidated as unconstitutional was to resentence to the maximum penalty for the next most serious lesser included offense.    Jones argues that he could not have reasonably foreseen his punishment of life with parole at the time he committed the offense, and that the Louisiana Supreme Court's departure from its "longstanding practice" of resentencing to the penalty for the next most serious lesser included offense was "unexpected and indefensible."

The Louisiana Fourth Circuit Court of Appeal in addressing this claim explained as follows:

> In his first assignment of error, the defendant asserts two arguments: his sentence was not imposed in accordance with the law at the time of the offense; and the trial court lacked the authority to impose the sentence.    The defendant first argues the trial court erred in vacating his legal fifty-year sentence for attempted aggravated rape, which was consistent with the applicable law at the time of the offense.    In support of this argument, the defendant relies on *State v. Craig*, 340 So.2d 191 (La. 1976), in which the Court held that the mandatory death sentence for aggravated rape was unconstitutional, and that the appropriate remedy for the illegal sentence was to resentence the defendant according to the next lesser included offense, attempted aggravated rape.    Thus, he concludes that his life sentence with parole was illegal, as it was not in compliance with the applicable law at the time of the offense.

> This argument was squarely addressed and rejected by the Louisiana Supreme Court in *State v. Shaffer*, 11-1756, (La. 11/23/11), 77 So.3d 939. There, the Court opined that all that was required under the United States Supreme Court decision in *Graham v. Florida*, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), was for the juvenile defendants' life sentences for non-homicide crimes to be amended to delete the restrictions on parole eligibility such that there is a "meaningful opportunity to secure release based on demonstrated maturity and rehabilitation."    *Shaffer*, 11-1756 at 3, 77 So.3d at 941.    The Court ultimately concluded that the requirements of *Graham* were met by amending defendant's sentence to delete the restriction on parole eligibility. *Shaffer*, 11-1756 at 4, 77 So.3d at 942.    As directed by this Court, the trial court correctly resentenced the defendant in accordance with *Shaffer*.

Next, the defendant contends that the trial court had no authority to impose a sentence that did not exist at the time the offense was committed. However, the defendant failed to recognize that whenever a statute contains unobjectionable provisions severable from those found to be unconstitutional, it is the duty of the court to so declare and to maintain the act insofar as it is valid.    *State v. Cox*, 352 So.2d 638, 642 (La. 1977).    As in *Shaffer,* the trial court appropriately severed the offending portion of the statute, the prohibition of parole for defendants under the age of eighteen at the time of the offense, and applied the remaining provision, life in prison.[24]

To the extent that Jones claims that the state courts failed to follow state-court jurisprudence in determining his sentence, his claim is not cognizable on *habeas* review. *Macon v. Goodwin*, Civ. Action No. 13-cv-0479, 2016 WL 1275154, at * 3 (W.D. La. Feb. 10, 2016), *adopted*, 2016 WL 1268303 (W.D. La. Mar. 30, 2016); *Walder v. Cain*, Civ. Action No. 13-4745, 2015 WL 349285, at *10 (E.D. La. Jan. 26, 2015).    A federal *habeas* court does not sit to correct errors made by state courts in interpreting and applying state law.    *Narvaiz v. Johnson*, 134 F.3d 688, 695-96 (5th Cir. 1998) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)); *accord Turner v. Johnson*, 46 F.Supp.2d 655, 674 (S.D. Tex. 1999).    "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."    *Estelle*, 502 U.S. at 67-68; *see also Charles v. Thaler,* 629 F.3d 494, 500-01 (5th Cir. 2011) ("Under § 2254, federal habeas courts sit to review state court misapplications of *federal* law. A federal court lacks authority to rule that a state court incorrectly interpreted its own law.    When, as here, a state court's legal conclusions are affirmed by the highest court in that state, those conclusions *are* state law."); *Molo v. Johnson*, 207 F.3d 773, 776 n.9 (5th Cir. 2000) ("Federal habeas review does not extend to state court conclusions of state law."); *Hogue v. Johnson*, 131 F.3d 466, 506 (5th Cir.

---

[24] State Rec., Vol. 12 of 13, 4th Cir. Opinion, 2013-KA-1614, 8/20/14, pp. 3-5; *State v. Jones*, 2013-KA-1614, 2014 WL 4161563, at *2 (La. App. 4th Aug. 20, 2014).

1997) (a disagreement as to state law is not cognizable on federal habeas review).    Federal *habeas corpus* relief may be granted only to remedy violations of the Constitution and laws of the United States; mere violations of state law will not suffice.    28 U.S.C. § 2254; *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Prieto v. Quarterman*, No. Civ. SA01CA11450G, 2006 WL 4059282, at \*5 (W.D. Tex. Dec. 18. 2006), *aff'd*, 292 F. App'x 372, 2008 WL 4218822 (5th Cir. Sept. 15, 2008) (per curiam).

With regard to Jones' fair-warning claim, due process requires fair warning of what is prohibited conduct and the penalties for it.    *Rogers v. Tennessee*, 532 U.S. 451, 457 (2001).    Petitioner's claim is founded on the United States Supreme Court's decision in *Bouie v. City of Columbia*, 378 U.S. 347 (1964).    In *Bouie,* the defendants staged a "sit in" of a segregated lunch counter.    When they refused to leave, they were charged with and subsequently convicted of criminal trespass, which by its terms forbade only "entry upon the lands of another ... after notice ... prohibiting such entry...."    Although it was undisputed that defendants did not violate the specific terms of that statute, the South Carolina Supreme Court nevertheless affirmed their convictions because, *after* defendants' actions, the statute had been judicially construed as encompassing the broader situation where a person simply remains on the premises of another after receiving notice to leave.    The United States Supreme Court reversed the convictions on due-process grounds, noting:

> When a[n] ... unforeseeable state-court construction of a criminal statute is applied retroactively to subject a person to criminal liability for past conduct, the effect is to deprive him of due process of law in the sense of fair warning that his contemplated conduct constitutes a crime.

*Id.* at 354-55.    The Court held: "If a judicial construction of a criminal statute is *unexpected and indefensible* by reference to the law which had been expressed prior to the conduct in

issue, it must not be given retroactive effect."   *Id.* at 354 (emphasis added) (internal quotation marks omitted); *see also Rogers*, 523 U.S. at 461.

As previously explained, Jones was originally sentenced on the aggravated kidnapping conviction to a term of life imprisonment without the benefit of parole, probation, or suspension of sentence.   The United States Supreme Court subsequently held that a life-without-parole sentence for a juvenile offender who was convicted of a noncapital offense is prohibited by the Constitution.   *Graham*, 560 U.S. at 82.   The state district court, in granting Jones' post-conviction application based on *Graham*, vacated his life sentence and, following state jurisprudence, sentenced Jones to 50 years, the maximum sentence for attempted aggravated rape.   On appeal, the Fourth Circuit Court of Appeal found as follows:

> As here, the relators in *Shaffer* argued that they should be sentenced to the next lesser and included responsive verdict of attempted aggravated rape, but the Court rejected the argument.   Rather, the court concluded that all that was required was that the defendant's sentences be amended such that they have a "meaningful opportunity to secure release as a regular part of the rehabilitiative process."   *Id.* (quotation omitted).

> Accordingly, the Court ruled that in order to comply with *Graham* "[t]he state thus may not enforce the commutation provisos in La. R.S. 15:574.4(A)(2) and 15:574.4(B) against relators and all other similarly situated persons…."   *Shaffer*, 11-1757, 11-1758 at pp. 3-4, ___ So.3d at ___. With respect to relator Dyer, the Court amended his sentence to delete the restriction on parole eligibility, and further directed the Department of Corrections to revise Dyer's prison master to reflect that his sentence is no longer without parole.   The Court further ordered the Department to "revise [all three] relators' prison masters according to the criteria in La. R.S. 15:574.4(A)(2) to reflect an eligibility date for consideration by the Board of Parole."   *Id.* at p.4, ___ So.3d at ___.[25]

In remanding the matter to the trial court to resentence Jones consistent with *Shaffer*, the Fourth Circuit directed the trial court to "apprise the Department of Corrections as to the

---

[25]  State Rec. Vol. 2 of 13, 4th Cir. Writ Order, 2011 K-0834, 1/24/12, pp. 4-5.

revision to Mr. Jones' prison master to reflect that his sentence is no longer without parole and to reflect an eligibility date for consideration by the Board of Parole according to the criteria in La. R.S. 15:574.4(A)(2).[26]

Jones fair-warning claim is based on the Louisiana courts' failure to follow the longstanding practice of imposing punishment for the next most serious offense and instead sentencing him to a penalty that did not exist at the time of his offense.[27]    He claims that he had a vested due-process right at the time of his conduct that if his sentence was ever invalidated he would be resentenced to fifty (50) years.    This Court disagrees.

Juvenile offenders do not have a reasonable expectation that *Graham* violations will be remedied by imposing the penalty for the next most serious lesser-included offense. *Burge v. Cain*, Civ. Action No. 13-721, 2015 WL 4168111, at *9-11 (E.D. La. July 1, 2015); *see also Walder v. Cain*, Civ. Action No. 13-4745, 2015 WL 349285, at *4 (E.D. La. Jan 26, 2015) (rejecting claim that failing to follow previous procedure of sentencing to next lesser offense

---

[26] *Id.*, at p. 5.

[27] Jones argues the state courts failed to specifically address his fair-warning claim and therefore this Court must address the claim *de novo*.    The failure of the state courts to assign reasons for rejecting the fair-warning claim in no way impacts this Court's duty to apply the deferential standards of review imposed by the AEDPA.    The United States Supreme Court has explained:

> By its terms § 2254(d) bars relitigation of any claim "adjudicated on the merits" in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2).    There is no text in the statute requiring a statement of reasons. The statute refers only to a "decision," which resulted from an "adjudication."    As every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.    And as this Court has observed, a state court need not cite or even be aware of our cases under § 2254(d). Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.

*Harrington v. Richter*, 562 U.S. 86, 98 (2011) (citations omitted).

was a violation of due process).    The *Burge* court, in addressing the petitioner's claim that the state court's failure to sentence him to the most serious penalty for the next lesser offense violated due process, explained as follows:

> Petitioner's argument is flawed.    Clearly, the state courts *could have* adopted a similar remedy as a means to fix *Graham* violations; however, that simply is not the issue.    Rather, the issue is whether petitioner had a reasonable expectation that *Graham* violations would be remedied in the same manner as *Roberts* violations.    He did not.    *Graham* was a *new* case presenting a *different* problem, and the Louisiana Supreme Court in *Shaffer* opted to solve that problem in a *different* way.    *Shaffer* did not constitute a break with prior decisional law with respect to *Graham*-type violations, because no such law directly on point existed.    As a result, it simply cannot be said that petitioner had a reasonable expectation that *Graham* violations would necessarily be remedied in the same way as *Roberts* violations or that the Court of Appeal's application of *Shaffer* was so "unexpected and indefensible" as to violate his right to substantive due process.

*Burge*, at *11.

Similarly, Jones did not have a reasonable expectation that he would be resentenced to the penalty for the next lesser offense.    There is no United States Supreme Court precedent requiring the state courts to resentence juvenile offenders to the greatest penalty for the next lesser-included offense.    Rather, the Supreme Court emphasized "[i]t is for the State, in the first instance, to explore the means and mechanisms for compliance" with the Eighth Amendment.    *Graham*, 560 U.S. at 75.    The Supreme Court has not clearly established that the *Shaffer* approach is unconstitutional.    The state courts' denial of relief on this issue was neither contrary to established Supreme Court case law nor an unreasonable application of Supreme Court precedent.    Jones is not entitled to relief on this claim.

### B.   *Violation of Ex Post Facto Laws*

Jones asserts that his sentence under revised La. Rev. Stat. § 15:574.4(D) violated his

right to protection against *ex post facto* laws.    He argues that at the time of his offense there was no "30 year life" parole eligibility.    He continues that while parole eligibility was considerably more limited, the Board of Pardon's Committee on Parole was responsible for determining what achievement an offender must have had to be granted parole.    He argues the new statute includes multiple conditions in order to meet parole eligibility.

The Fourth Circuit Court of Appeal rejected Jones' claim on direct appeal.    The court explained as follows:

> In his second assignment of error, the defendant argues that in applying *Shaffer* and La. R.S. 15:574.4(D), the trial court violated the prohibition against *ex post facto* laws and the separation of powers doctrine.    He contends that the application of La. R.S. 15:574.4(D) violates the prohibition against *ex post facto* laws since the law was not in effect at the time the offense was committed, and it put him at a disadvantage.
>
> Before the defendant received the sentence at issue, the Louisiana Legislature enacted La. R.S. 15:574.4(D)[7] in response to *Shaffer,* and *Graham.*[8] Therefore, the trial court made the defendant's sentence subject to La. R.S. 15:574.4(D).
>
> > [7]La. R.S. 15:574.4(D) provides:
> > D. (1) Notwithstanding any provision of law to the contrary, any person serving a sentence of life imprisonment who was under the age of eighteen years at the time of the commission of the offense, except for a person serving a life sentence for a conviction of first degree murder (R.S. 14:30) or second degree murder (R.S. 14:30.1), shall be eligible for parole consideration pursuant to the provisions of this Subsection if all of the following conditions have been met:
> > (a) The offender has served thirty years of the sentence imposed.
> > (b) The offender has not committed any disciplinary offenses in the twelve consecutive months prior to the parole eligibility date.
> > (c) The offender has completed the mandatory minimum of one hundred hours of prerelease programming in accordance with R.S. 15:827.1.
> > (d) The offender has completed substance abuse treatment as applicable.
> > (e) The offender has obtained a GED certification, unless the offender has previously obtained a high school diploma or is deemed by a certified educator as being incapable of obtaining a GED certification due to a learning disability. If the offender is deemed incapable of obtaining a GED certification, the offender shall complete at least one of the following:
> > (i) A literacy program.
> > (ii) An adult basic education program.
> > (iii) A job skills training program.

(f) The offender has obtained a low-risk level designation determined by a validated risk assessment instrument approved by the secretary of the Department of Public Safety and Corrections.
(g) The offender has completed a reentry program to be determined by the Department of Public Safety and Corrections.
(h) If the offender was convicted of aggravated rape, he shall be designated a sex offender and upon release shall comply with all sex offender registration and notification provisions as required by law.
(2) For each offender eligible for parole consideration pursuant to the provisions of this Subsection, the committee shall meet in a three-member panel and each member of the panel shall be provided with and shall consider a written evaluation of the offender by a person who has expertise in adolescent brain development and behavior and any other relevant evidence pertaining to the offender.
(3) The panel shall render specific findings of fact in support of its decision.

[8]In particular, the *Shaffer* Court recognized that its decision to delete the parole restrictions was "an interim measure (based on the legislature's own criteria) pending the legislature's response to *Graham." Shaffer,* at 943 n. 6.

The focus of an *ex post facto* analysis is whether a legislative change "alters the definition of criminal conduct or increases the penalty by which a crime is punishable." *State ex re. Olivieri*, 779 So.2d 735, 743 (La. 2.21.01); *See also* La. Const. Art. I, § 23. The operative inquiry is whether the law can be considered punishment or an alteration of the definition of criminal conduct. *Id.*

La. R.S. 15:574.4(D) sets forth the criteria for the defendant to become eligible for parole. Since the sentence the defendant was previously serving was without parole, his penalty was lessened by La. R.S. 15:574.4. Therefore, we cannot say that La. R.S. 15:574.4(D) increased his penalty; nor did it alter the definition of criminal conduct. Accordingly, the trial court did not violate the prohibition against *ex post facto* laws when it subjected the defendant to the guidelines in La. R.S. 15:574.4(D).[28]

Article 1, section 10, of the Constitution prevents the States from passing any "*ex post facto* Law." A change in a law violates the *ex post facto* clause if it "changes the punishment, and inflicts a *greater* punishment than the law annexed to the crime, when committed." *Calder v. Bull*, 3 U.S. 386, 390 (1798) (emphasis added). To prevail on his *ex post facto* claim, Jones must show that (1) the "law he challenges operates retroactively (that it applies

_____

[28] State Rec., Vol. 12 of 13, 4th Cir. Order, 2013-KA-1614, 8/20/14, pp. 5-6; *State v. Jones,* 2013-KA-1614, 2014 WL 41161563, at *3 (La. App. 4th Aug. 20, 2014)

to conduct completed before its enactment)" and (2) "that the law he challenges ... raises the penalty from whatever the law provided *when he acted.*"    *Johnson v. United States*, 529 U.S. 694, 699 (2000) (emphasis added).

Parole eligibility is part of the punishment determined at sentencing and therefore part of the "prosecution."    *Warden v. Marrero*, 417 U.S. 653, 658 (1974).    Parole eligibility is thus part of "the law annexed to the crime."    *Ruip v. United States*, 555 F.2d 1331, 1334 (6th Cir. 1977).    In the parole context, the question is not whether the legislative change produces some sort of "disadvantage," nor on whether the change affects a prisoner's "*opportunity* to take advantage of provisions for early release," but whether a change in the law actually "alters the definition of criminal conduct or increases the penalty by which a crime is punishable.    *California Dept. of Corrections v. Morales*, 514 U.S. 499, 506 n.3 (1995).

There is no dispute as to the element of retroactivity.    La.Rev. Stat. § 15:574.4(D) was enacted in 2012, twenty-three (23) years after Jones' offense.    The trial court retroactively applied the statute in resentencing Jones in 2013.

Turning to the second element, however, the parole statute at issue here did not change the definition of Jones' crime.    Rather, the issue is whether the parole statute "inflicts a greater punishment than the law annexed to the crime, when committed."    Jones fails to establish this element.    At the time Jones committed the offense, the "law annexed to the crime" mandated a sentence of life imprisonment without the benefit of parole.[29] Louisiana law did not provide for a sentence of life with parole.    The Louisiana legislature, in response to *Graham* and *Shaffer*, revised the parole statute to establish parole eligibility

---

[29]    La. Rev. Stat. § 14:42 provides, "Whoever commits the crime of aggravated rape shall be punished by life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence."

to persons sentenced to life imprisonment.    The revised parole statute, while more onerous than the parole eligibility requirements of La. Rev. Stat. § 15:574.4(A)(2), does not impose a different or greater punishment on Jones than was permitted when he committed the crime.    Jones is now eligible for parole when he was not previously.    Accordingly, the state courts' denial of relief on the claim was not contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Jones is not entitled to relief as to this claim.

<u>**RECOMMENDATION**</u>

**IT IS RECOMMENDED** that Jones' application for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc).[30]

New Orleans, Louisiana, this <u>17th</u> day of <u>March</u>, 2017.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[30] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.